UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA UTRERA,

    Plaintiff,
v.                                              Case No. 8:22-cv-50-AAS

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

**ORDER**

Elena Utrera Viera requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Ms. Utrera applied for SSI on September 9, 2019, alleging a disability onset date of January 1, 2017. (Tr. 129). Disability examiners denied Ms. Utrera's applications initially and after reconsideration. (Tr. 138, 156). At Ms. Utrera's request, the ALJ held a hearing on April 16, 2021. (Tr. 105–128). The

1

ALJ issued an unfavorable decision to Ms. Utrera on June 4, 2021. (Tr. 10–31).

On December 9, 2021, the Appeals Council denied Ms. Utrera's request for review, making the ALJ's decision final. (Tr. 1–6). Ms. Utrera requests judicial review of the Commissioner's final decision. (Doc. 25).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Ms. Utrera was fifty-four years old on her alleged disability onset date of January 1, 2017, and fifty-seven years old on the date she applied for SSI on September 9, 2019. (Tr. 129). Ms. Utrera has a high school education and has past relevant work as an inspector and hand packager. (Tr. 24, 155).

### B.  Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 416.920(c); *see McDaniel v. Bowen*,

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 416.910.

800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 416.920(g).

The ALJ determined Ms. Utrera did not engage in substantial gainful activity since September 9, 2019. (Tr. 18). The ALJ found Ms. Utrera had these severe impairments: mild degenerative disc disease of the cervical spine; osteoarthritis of the bilateral acromioclavicular joints; mild tendinopathy of the bilateral supraspinatus tendons; bursitis of the bilateral shoulders; impingement syndrome of the right shoulder; osteoarthritis of the first carpometacarpal joint of the right hand; right trigger fingers; and obesity. (*Id.*). But the ALJ found none of Ms. Utrera's impairments or any combination of her

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 416.945(a)(1).

impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 20).

The ALJ found Ms. Utrera had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c)[4] with the following non-exertional limitations:

> [Ms. Utrera has] the ability to stand and walk 6 hours and sit 6 hours. She can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. She can frequently kneel, crouch and crawl. She can frequently reach overhead with the bilateral upper extremities. She can finger and handle frequently with the right extremity. She can have no concentrated exposure to extreme cold, humidity, hazards, or fumes, odors, dusts, gases, or other pulmonary irritants[.]

(Tr. 19).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Utrera could not perform her past relevant work. (Tr. 23). The ALJ then determined Ms. Utrera could perform other jobs existing in significant numbers in the national economy, specifically as a laundry worker, factory helper, and general laborer. (Tr. 24). As a result, the ALJ found Ms. Utrera not disabled from September 9, 2019, through the date of the ALJ's decision, June 4, 2021. (Tr. 25).

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

4

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

5

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issue on Appeal

Ms. Utrera raises one issue on appeal: that the ALJ erred in evaluating Ms. Utrera's RFC. (Doc. 25, pp. 6–8). Ms. Utrera argues the ALJ erred in concluding the opinion of Richard Lewis, M.D., the examiner who set Ms. Utrera's RFC upon initial consideration of her SSI application, was more persuasive than the opinion of Louis Russo, M.D., the examiner charged with setting Ms. Utrera's RFC on reconsideration of her SSI application. (*Id.* at 7–8). Ms. Utrera argues the ALJ did not properly evaluate the persuasiveness of Dr. Lewis and Dr. Russo's medical opinions by failing to consider Drs. Lewis and Russo's respective medical specialties. (*Id.*).

The ALJ discussed Dr. Russo's conclusion that Ms. Utrera's hand and shoulder pain warranted "reduced lifting/carrying at a light level." (Tr. 22) (*citing* (Tr. 151–155)). The ALJ concluded Dr. Russo's medical opinion was "partially persuasive" because Dr. Russo's findings were inconsistent with "orthopedic findings of normal strength in the bilateral shoulders, and physical therapy findings of normal strength in the neck muscles." (Tr. 22) (*referencing* (Tr. 750, 760, 829–30, 832–33, 837–38, 841, 844, 847–48)). The ALJ also noted Dr. Russo did not have the opportunity to review later medical examinations where Ms. Utrera "demonstrated 5/5 strength of the bilateral upper

6

extremities, negative stability tests of the bilateral shoulders, 2+ reflexes, and full range of motion." (Tr. 22–23) (*referencing* (Tr. 829–30, 832–33, 837–38, 841, 844, 847–48)).

The ALJ then discussed Dr. Lewis's medical opinion that "despite severe reports of pain," Ms. Utrera's "left shoulder had full strength and range of motion, and her right hand pain improved with injection treatment." (Tr. 23) (*citing* (Tr. 135–138)). The ALJ concluded Dr. Lewis's medical opinion was "generally persuasive" because Dr. Lewis' findings were supported by office treatment records showing Ms. Utrera's "left shoulder pain relief continued to progress with time," and her right-hand pain "did not prevent normal range of motion." (Tr. 23) (*referencing* (Tr. 23, 531, 535, 829–30, 832–33, 837–38, 841, 844, 847–48)).

Ms. Utrera argues "the Administrative Law Judge did not consider the specialization of the sources giving medical opinions." (Doc. 25, p. 7). Ms. Utrera notes the Social Security administration lists Dr. Lewis's medical specialty as an obstetrician and Dr. Russo's specialty as a neurologist. (*Id.*). Ms. Utrera argues "[a]ny reasonable person would conclude that an obstetrician is not in the relevant area of specialty for the medical conditions for which the claimant alleged disability, while a neurologist is in the relevant area of specialty." (*Id.* at 7–8).

Under SSA regulations, the ALJ "will not defer or give any specific

7

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate each medical opinion with consideration of the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c).

Of the five factors considered when assessing medical opinions, the ALJ only must describe how she considered the factors of supportability and consistency, with the remaining factors needing articulation only when multiple medical opinions about the same issue are found equally persuasive. 20 C.F.R. § 416.920(b)(3). Having considered the supportability and consistency of both medical opinions and concluded Dr. Russo's opinion was "partially persuasive" and Dr. Lewis's opinion "generally persuasive," the ALJ was not required to explain how she considered the doctors' specializations in examining the persuasiveness of Drs. Lewis and Russo's medical opinions. (Tr. 22–23); 20 C.F.R. § 416.920c(b)(2). Substantial evidence thus supports the ALJ's conclusions on the persuasiveness of Drs. Lewis and Russo's RFC determinations.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**, and the Clerk is directed to enter judgment in favor of the Commissioner.

**ORDERED** in Tampa, Florida on October 21, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

9